IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sandra Jean Callahan, | ) | Case No. 6:25-cv-03400-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Costco Wholesale Corporation, | ) | |
| | ) | |
| Defendant. | | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 9.] Having reviewed Defendant's response, the record, and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Greenville County Court of Common Pleas.

Plaintiff filed this case in the Greenville County Court of Common Pleas on March 21, 2025. [Doc. 1-1.] The Complaint alleges that Plaintiff was injured when she tripped and fell in Defendant's Greenville, South Carolina, store. [*Id.* ¶¶ 5, 8.] In her Complaint, Plaintiff alleges that, as a result of the incident, she suffered "significant bodily injuries . . ., including but not limited to injuries to her right knee, right hip, right ankle, and head[,] causing her to incur medical expenses, pain and suffering, and loss of enjoyment of life." [*Id.* ¶¶ 8, 10; *see id.* ¶ 18.] She asserts claims for negligence and premises liability, and she seeks actual and punitive damages and court costs. [*Id.* ¶¶ 11–18; *id.* at 5–6.]

Defendant removed the case to this Court on April 23, 2025, alleging that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332. [Doc. 1.] On April 25, 2025, the Court issued an Order to Show Cause why the Court should not remand this action to state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[1] [Doc. 9.] Defendant filed a response to the Order to Show Cause on May 1, 2025. [Doc. 11.]

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

---

[1] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

In this case, Defendant alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claim under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1); [Doc. 11 ¶¶ 4–7.].  "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."  *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur."  *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted).  Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin*, 574 U.S. at 89.  "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands."  *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy."  *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted).  However, "courts in this district have established that the mere existence of a claim for

3

punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases).

Critically, in this case, Plaintiff's Complaint does not specify the amount of damages sought. [*See* Doc. 1-1.] Indeed, the Complaint does not provide the amounts of any component of damages. [*See id.*]; *Legg v. Peterbilt of Atlanta, LLC*, No. 0:23-4534-MGL, 2024 WL 1679399, at *2 (D.S.C. Apr. 18, 2024) ("These allegations, which lack specific monetary figures, fail to allow for an accurate estimation of the amount of damages."). The only monetary figure Defendant points to from Plaintiff is an email in which Plaintiff's counsel indicated that the amount in controversy "'may very well'" exceed $75,000 and refused to stipulate that the amount in controversy was no more than $75,000. [Doc. 11 ¶ 6 (quoting Doc. 11-2 at 1).] The Court concludes Defendant has not met its burden.

"A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference. . . . [T]o hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." *Bishop v. Halpin*, No. 2:22-cv-02871-DCN, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) (internal quotation marks omitted). Here, the Court concludes that Defendant has offered nothing more than speculation in its attempt to meet its burden of establishing jurisdiction, and that is insufficient. *See Davenport*, 2024 WL

4

4453651, at *2.  The Court therefore remands the case to the Greenville County Court of Common Pleas.

    IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u>  
United States District Judge

May 2, 2025  
Greenville, South Carolina